NOT FOR PUBLICATION                                                                       **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SULTAN DR. ADMIRAL ALA' AD-DIN AL' AHEZAA EL-BEY, | : : : | |
| Plaintiff, | : | Civil Action No. 13-4161 (SRC) |
| v. | : : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Defendant. | : : | **APPLIES TO ALL ACTIONS** |
| JASON AMIN-BEY a/k/a PHAROAH DR. ADMIRAL A.L.S.A. EL-BEY | : : : | |
| Plaintiff, | : | Civil Action No. 13-6040 (SRC) |
| v. | : : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : : | |
| PHAROAH DR. ADMIRAL A.L.S.A. EL-BEY, | : : | |
| Plaintiff, | : | Civil Action No. 13-6340 (SRC) |
| v. | : : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

continued …

… continued

_____
                                            :
PHAROAH DR. ADMIRAL
A.L.S.A. EL-BEY,                            :

        Plaintiff,          :       Civil Action No. 13-6798 (SRC)

        v.                  :

UNITED STATES OF AMERICA,                   :

        Defendant.          :
_____
                                            :
JASON L. AMIN-BEY
THE HOLY SEE OF AHEZAA                      :
MOORISH SCIENCE CONSUL
FOR SUPREME PHAROAH                         :
DR. ADMIRAL A.L.S.A. EL-BEY
a/k/a SULTAN DR. ADMIRAL                    :
ALA' AD-DIN AL'
AHEZAA EL-BEY,                              :

        Plaintiff,          :       Civil Action No. 13-5499 (SRC)

        v.                  :

UNITED STATES, et al.,                      :

        Defendants.         :
_____
                                            :
PHAROAH DR. ADMIRAL
A.L.S.A. EL-BEY,                            :

        Plaintiff,          :       Civil Action No. 13-6416 (SRC)

        v.                  :

UNITED STATES, et al.,                      :

        Defendants.         :
_____

continued …

… continued

_____
                                              :
JASON L. AMIN-BEY                             :
a/k/a PHAROAH DR. ADMIRAL                     :
A.L.S.A. EL-BEY                               :
           Plaintiff,          :         Civil Action No. 13-7289 (SRC)

           v.                  :

UNITED STATES OF AMERICA,                     :

           Defendant.          :
_____
                                              :
JASON L. AMIN-BEY                             :
a/k/a PHAROAH DR. ADMIRAL                     :
A.L.S.A. EL-BEY                               :
           Plaintiff,          :         Civil Action No. 13-7713 (SRC)

           v.                  :

UNITED STATES OF AMERICA,                     :

           Defendant.          :
_____

**CHESLER, District Judge:**

      These eight actions are before the Court upon Plaintiff's submission of numerous civil complaints, letters and various appellate notices. His chain of litigations was triggered on August 18, 2011, when the United States filed a criminal complaint charging him with assault of a federal officer. See United States v. Amin-Bey, Crim. No. 11-MJ-3184 (MF), ECF No. 1.[1]

---

[1] After Plaintiff was arrested, then Magistrate Judge Patty Shwartz committed him for a determination of whether he presented a risk of harm to himself or others. See Amin-Bey, Crim. No. 11-MJ-3184, ECF Nos. 13 and 23. On February 18, 2014, Magistrate Judge Mark Falk conducted another hearing and extended Plaintiff's commitment for evaluation as to whether he was competent to stand trial or a treatment was required to restore him to competency. See id. ECF No. 38. Plaintiff is now housed in Massachusetts, and his criminal proceedings are suspended. See id.

Upon being criminally charged, Plaintiff commenced his first action, Sultan Dr. Admiral Ala'Ad-Din v. United States, Civil Action No. 13-4161 (SRC), challenging his mental evaluation and related confinement. See id., ECF No. 1 ("Lawful Complaint Pursuant Exhibit A:184 F.R.D. 588★") (star-sign in original). When this Court construed that submission as an application filed in Plaintiff's criminal matter, Plaintiff made numerous filings with the Court of Appeals.[2] See id., ECF Nos. 3, 4, 5, 7 and 8 ("Notice of Direct Appeal," "Notice of Common Law Certiorari," "Judicial Notice to Secure Court Order"). In addition, he submitted another civil complaint that gave rise to Amin Bey v. United States, Civil Action No. 13-6040 (SRC). See id., ECF No. 1. Since that submission arrived unaccompanied by his filing fee or in forma pauperis ("IFP") application, this Court denied him IFP status without prejudice. See id., ECF Nos. 3 and 4. Noting that Plaintiff was challenging his criminal confinement, the Court explained to him that a habeas application was the sole proper vehicle to seek release. See id., ECF No. 3, at 2.[3] Moreover, since Plaintiff's next complaint, submitted in Pharoah Dr. Admiral A.L.S.A. El Bey v. United States, Civil Action No. 13-6340 (SRC), was identical to the one filed in Amin Bey v. United States, Civil Action No. 13-6040 (SRC), the Court terminated Pharoah Dr. Admiral A.L.S.A. El Bey v. United States, Civil Action No. 13-6340 (SRC), as duplicative.

---

[2] The Court of Appeals dismissed Plaintiff's appeal in Sultan Dr. Admiral Ala'Ad-Din v. United States, Civil Action No. 13-4161 for failure to pay the filing fees.

[3] The Court also allowed Plaintiff an opportunity to file an amended pleading and pointed out that "an amended pleading [should be] void of any references to 'Ecclesiastical Jurisdiction of Moorish Science,' 'National Sovereignty,' 'Moorish Merchant Marine [Law,]' and the like, because claims based on sovereign citizenship or redemptionist beliefs are facially meritless." Sultan Dr. Admiral Ala'Ad-Din v. United States, Civil Action No. 13-4161, ECF No. 3, at 3. Although granted leave to amend, Plaintiff elected to make four appellate submissions. See id., ECF Nos. 5, 6, 7 and 10 ("Notice of Direct Appeal," "Judicial Notice," "Notice of Direct Appeal Per Judicial Notice" and "Notice of Direct Appeal for Creation of Remedy"). The Court of Appeals dismissed his submissions for lack of jurisdiction. See ECF No. 11.

In response, Plaintiff commenced another action, Amin Bey v. United States, Civil Action No. 13-6798 (SRC), by submitting four documents, but not a filing fee or IFP application. See id., ECF Nos. 1 to 4 ("Notice of an Original Action Complaint," "Notice to Amend Caption Per Probate," "Notice to Amend Caption Per Religion" and "Notice of Memorandum Per N.J. S[tat.] A[nn]. 3B:-11").[4] The Court denied Plaintiff IFP status without prejudice and, upon pointing out that legal actions were meant to resolve cases or controversies and could not be used to register juridical entities or to deposit wills, granted Plaintiff leave to amend. See id. ECF No. 2.[5] In response, Plaintiff commenced another civil action, Amin Bey v. United States, Civil Action No. 13-5499 (SRC), where he again failed to submit his filing fee or IFP application. See id., ECF No. 1. The complaint in Amin Bey v. United States, Civil Action No. 13-5499 (SRC), replicates this Court's decision in Sultan Dr. Admiral Ala'Ad-Din v. United States, Civil Action No. 13-4161 (SRC), and is accompanied by 56 pages of procedural rules governing the Supreme Court operations.[6] See id.

The totality of Plaintiff's submissions suggest his interest in: (a) discussing various theological beliefs; (b) appealing this Court's prior rulings; and (3) seeking release from confinement. Correspondingly, Plaintiff will be denied IFP status in Amin Bey v. United States,

---

[4] The first document suggested Plaintiff's intent to assert a malicious prosecution claim. The second document indicates his desire to register a juridical entity titled "Ahezaahn Merchant Marine Chaplaincy Corp.," so it could supersede another juridical entity envisioned by Plaintiff, "The Al' Moroccan Moorish Mercenary Society of Lawful Merchant Marine Chaplaincy Corp." The third document indicated that Plaintiff perceives himself as a foreign corporation. The fourth document was intended to function as Plaintiff's testamentary statement.

[5] Plaintiff then filed three appellate documents. See id., ECF Nos. 3, 6 and 7 ("Notice of Direct Appeal," "Notice of Adjudication" and "Notice of Exception"). Plaintiff's appeal in Amin Bey, Civil Action No. 13-6798, is pending.

[6] Although this Court did not enter a ruling in Amin Bey v. United States, Civil Action No. 13-5499 (SRC), Plaintiff submitted eight "Notices of Direct Appeal of Mooring," see id., ECF Nos. 2, 3, 5, 7, 8, 10 and 13, four letters, see Amin, Civil Action No. 13-5499, ECF Nos. 4, 6, 9 and 11, and an amended complaint. See id., ECF No. 12.

5

Civil Action No. 13-5499 (SRC), without prejudice. In addition, he will be allowed an opportunity to file a proper amended pleading. The same applies to Plaintiff's next two sets of submissions, which give rise to Pharoah Dr. Admiral A.L.S.A. El Bey v. United States, Civil Action No. 13-6414 (SRC), and Amin Bey v. United States, Civil Action No. 13-7289 (SRC).[7] Moreover, Plaintiff's latest round of submissions is analogously deficient. See Amin Bey v. United States, Civil Action No. 13-7713 (SRC). There, Plaintiff has submitted an affidavit of indigence but failed to accompany it with his six-month prison account statement.[8] See id., ECF No. 1-1. Thus, his IFP application will be denied without prejudice. Furthermore, since this complaint is based upon what appears to be Plaintiff's philosophical disagreement with the current state of the law, it will be dismissed for lack of jurisdiction, pursuant to the limitations posed by Article III.[9]

---

[7] Plaintiff's complaint submitted in Pharoah Dr. Admiral A.L.S.A. El Bey v. United States, Civil Action No. 13-6414 (SRC), arrived unaccompanied by his filing fee or IFP application. See id., ECF No. 1. It makes references only to Plaintiff's prior matters and his certain of his beliefs. See id. at 1-2. While the complaint contains a "sick call request" form, the form does not suggest that Plaintiff is denied medical care; rather, the form is filled with Plaintiff's expressions of his theological beliefs, socio-political views and requests for release from confinement. See id. at 3-11. The complaint submitted in Amin Bey v. United States, Civil Action No. 13-7289 (SRC), is analogously unaccompanied by Plaintiff's filing fee or IFP application, and contains merely: (a) a print-out of a Supreme Court decision; (b) a secondary source discussion of the procedures governing one's name change in New Jersey and other jurisdictions; and (c) expressions of Plaintiff's beliefs and perceptions of law. See id., ECF No. 1.

[8] Plaintiff followed his submission with a "Notice of Direct Appeal for Acquittal." Amin Bey, Civil Action No. 13-7713, ECF No. 2. That document suggests Plaintiff's interest in challenging his current confinement.

[9] Under Article III of the Constitution, this Court's powers are limited to resolution of cases or controversies. See U.S. Const. art. III, § 2, cl. 1. Therefore, this Court has no mandate to the matters Plaintiff raises in his various filings. Analogously, the appellate jurisdiction over this Court's decisions is vested solely and exclusively with the Court of Appeals and the Supreme Court. Finally, as this Court already explained to Plaintiff, the remedy of release from confinement can be obtained only in a habeas matter, not in a civil action.

Out of an abundance of caution, however, this Court will allow Plaintiff one more opportunity to amend his pleading by stating his cognizable legal challenges, if any. Assertions that relate to Plaintiff's personal view about his citizenship or any other hypothetical matter are not facts which this Court can or will consider to determine whether an amended complaint, if filed, states a claim upon which relief may be granted. It is incumbent upon Plaintiff to submit an amended complaint that is coherent and which sets forth factual assertions that are not conclusory, hypothetical, or speculative in nature.

An appropriate Order follows.

    /s Stanley R. Chesler  
**STANLEY R. CHESLER**  
**United States District Judge**

Dated: May 29th, 2014